(116 So. 526)

**OLIVER v. DEXTER.    (6 Div. 97.)**

Supreme Court of Alabama.    April 12, 1928.

1. **Appeal and error** ⊚⊐680(1)—**Where record did not show demurrers had been refiled or reassigned after amendment of counts, rulings thereon could not be considered on appeal.**

   Where the record did not show that demurrers to counts of the original complaint had been refiled or reassigned after amendment thereof as permitted, rulings on such demurrers could not be considered on appeal.

2. **Pleading** ⊚⊐34(7)—**Contract following count in record under one filing will be construed as part of pleading where so intended.**

   Where written contract sued on followed in the record the count relative thereto, both being under one filing, *held*, that the reviewing court would construe the contract as part of such pleading where so intended by the parties, especially where the record only purported to set out pleadings and not evidence.

3. **Appeal and error** ⊚⊐548(4)—**Refusal of new trial motion because unsupported by evidence cannot, as matter of course, be reviewed in absence of bill of exceptions setting out evidence.**

   The refusal of a motion for a new trial because not supported by the evidence cannot, as a matter of course, be reviewed in the absence of a bill of exceptions setting out the evidence.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by G. P. Dexter against R. Oliver. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

William Vaughan, of Birmingham, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Smyer & Smyer, of Birmingham, for appellee.

A judgment will not be reversed on appeal, in the absence of a bill of exceptions, where the record discloses no prejudicial error. Thomas v. McArdle, 207 Ala. 521, 93 So. 395. A defect in one count of a complaint is immaterial on appeal, where the judgment can be supported on other counts. Tucker v. Graves, 17 Ala. App. 602, 88 So. 40.

---

⊚⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOULDIN, J. The appeal is on the record without bill of exceptions.

[1] The record does not contain any demurrer directed to counts 5 and 7 of the complaint as amended. The record shows these counts were filed on the day of the trial, January 19, 1927. The judgment entry indicates demurrers were filed to the amended complaint, but the only demurrers in the record are those filed June 26, 1926, addressed to the original complaint. Nothing shows these grounds of demurrer were refiled or reassigned to the amended complaint. The rulings on demurrer to counts 5 and 7 are, therefore, not subject to review.

[2] However, the point raised in brief, to the effect that count 7, for breach of a rental contract in writing, which the count recites, was thereto attached, was subject to demurrer because it was not attached, is not borne out by the record.

The count is immediately followed in the record by such contract, all under one filing, and will be construed as part of the pleading, especially where the record only purports to set out pleadings and not evidence.

[3] The refusal of a motion for new trial because not supported by the evidence cannot, as matter of course, be reviewed in the absence of a bill of exceptions setting out the evidence.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.